Chen v. Holder

BIA
Morace, IJ
A089 254 096
A089 254 097

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:

JOHN M. WALKER, JR.,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
    *Circuit Judges*.

_____

WENQUN CHEN, XINGXIANG CHEN,
    *Petitioners*,

      v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

                    10-5166-ag
                    NAC

_____

FOR PETITIONER:      Theodore N. Cox, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of the petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Wenqun Chen and Xingxiang Chen (hereafter "Chens"), natives and citizens of the People's Republic of China, seek review of a November 30, 2010, order of the BIA denying their motion to reopen.[1] *In re Wenqun Chen, Xingxiang Chen*, Nos. A089-254-096, A089-254-097 (B.I.A. Nov. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006). Failure to offer such

_____

[1] The Chens' petition to this Court for review of the BIA's July 2, 2010, decision remains pending. *See Chen v. Holder*, No. 10-2918-ag.

2

evidence is a proper ground on which the BIA may deny a motion to reopen, as is a movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In denying the Chens' motion to reopen, the BIA reasonably concluded that they had failed to corroborate their claim that they would be persecuted for practicing Christianity if they were returned to China. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000); *In re S-M-J-*, 21 I.& N. Dec. 722, 724 (BIA 1997). The BIA found that there was no evidence that anyone in China was even aware of the Chens' religious devotion, "much less that any such person has the interest, means, and ability to cause them harm as a result."

The BIA also found that while Ms. Chen and her mother claimed to have practiced Christianity for years, they had provided no evidence beyond their own affidavits of their decades-long religious devotion. For example, the BIA observed that Ms. Chen's "family's household registration booklet has a blank space for both herself and her mother with regard to their reported 'religious belief,'" and that Ms. Chen's "first asylum application, completed in 2008, also states 'none' when asked to identify her religion."

Similarly, the BIA noted that although objective evidence such as police records, fines, or receipts ought to have been available to corroborate Ms. Chen's and her mother's claims of past religious persecution, the petitioners had failed to offer or explain the absence of "such basic corroborative evidence." *See* 8 U.S.C. § 1252(b)(4)(B) (a reviewing court must defer to the agency's finding that corroboration is reasonably available).

The BIA did not abuse its discretion in concluding that the Chens failed to demonstrate prima facie eligibility for relief because they had not shown evidence of their own past persecution on account of their Christianity, or evidence that Chinese authorities were likely to become aware in the future of the Chens' religious activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

We have considered the Chens' remaining arguments and find them to be without merit.  For the foregoing reasons, the Chens' petition for review of the BIA's November 30, 2010, decision is DENIED.  As we have completed our review, the Chens' pending motion for a stay of removal in these petitions is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk